# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACKIE HOWARD                                                       PETITIONER

VS.                          4:18-CV-00754-DPM/JTR

BRENT HALTOM, Judge;
KERRY WOOD, Public Defender                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

On October 11, 2018, Jackie Howard ("Howard"), proceeding *pro se*, filed a nine-page document, which was treated as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition"). *Doc.* 1.

Howard complains that his rights were violated when his probation was revoked in a criminal proceeding in Miller County Circuit Court. Howard states that he is "filing an appeal" of the state court's ruling through his state court assigned public defender. *Doc. 2 at 3*.

Because Howard may not pursue federal habeas relief while simultaneously appealing his probation revocation and sentence through Arkansas's state court appellate system, the Court recommends that Howard's Petition for Writ of Habeas Corpus be dismissed.

## II.  Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

The Court, after reviewing Howard's *pro se* filing and accessing publicly available documents from Miller County Circuit Court, takes judicial notice that: (1) on October 2, 2018, a revocation hearing was conducted in *State of Arkansas v. Jackie Howard*, Miller County Circuit Court Case No. 46Cr-17-229-2; and (2)

during the hearing, Howard was found guilty of violating the conditions of his probation and sentenced to six years in the Arkansas Department of Correction. While Howard states in his Petition that he intends to appeal his sentence, as of the date of this Order, no Notice of Appeal has been filed.[1]

*Before* a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, Howard must raise those claims before the state appellate court, so it has an opportunity to resolve them.

---

[1] Howard has thirty days to appeal the revocation sentence. Ark. Code Ann. § 16-91-105.

By his own admission, Howard has not exhausted currently available state court remedies in connection with his probation revocation and sentence. Accordingly, Howard's claims should be dismissed, without prejudice, for failure to exhaust.

*After* Howard has fully exhausted his remedies, at every level of the state court system, he can properly initiate a § 2254 habeas action in federal court.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, THAT Petitioner Jackie Howard's Motion for Writ of Habeas Corpus pursuant to § 2254, Doc. *No. 1*, be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

---

[2] In the event Howard files a new habeas Petition, he should attempt to correct the other deficiencies with his current filing. First, in order to initiate any future request for habeas relief, pursuant to 28 U.S.C. § 2254, Howard must submit a completed AO Form 241, a copy of which may be found at http://www.laed.uscourts.gov/sites/default/files/forms/AO_241.pdf.
Second, Howard must name a proper Respondent. *See* 28 U.S.C. ' 2242 (habeas petition must name Athe person who has custody over [the petitioner] and by virtue of what claim or authority@). Most likely, this will be Wendy Kelley, Director, Arkansas Department of Correction. Third, any future Petition should include either the $5.00 filing fee or a request to proceed *in forma pauperis*. *See* Rule 3(a), Rules Governing § 2254 Cases in United States District Courts (providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

Dated this 18th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE